UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY YOUNG, *et al.*,

  Plaintiffs,

  v.

REGENCE BLUESHIELD, *et al.*,

  Defendants.

Case No. C07-2008RSL

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO AMEND

This matter comes before the Court on plaintiffs' motion to amend their complaint. Plaintiffs, who seek to represent a class, allege that Regence Blueshield ("Regence") either misrepresented or promised that they would be entitled to take advantage of the rates negotiated between Regence and its preferred providers for health care costs, but they were charged higher rates. Plaintiffs allege claims on behalf of individual and group plan participants. Regence has filed two motions to dismiss plaintiffs' claims on behalf of putative class members who are *group* health plan participants because (1) plaintiffs' claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001-1461 but plaintiffs have not asserted any ERISA claims, and (2) plaintiffs, who purchased an individual plan, lack standing to pursue claims based

ORDER REGARDING
MOTION TO AMEND - 1

on the group plans and fail to satisfy the Rule 23 requirements regarding those claims. Plaintiffs seek to amend their complaint to remedy those deficiencies. Specifically, the proposed amended complaint includes claims under ERISA. It also includes a claim that plaintiff Kimberly Young used to be a participant in a Regence group plan and that during that time, she was denied the promised preferred provider rate for dental services her daughter received in November 2001.

"The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994). A proposed amendment is futile if it could be defeated by a motion to dismiss or if the party cannot prevail on the merits. See, e.g., Smith v. Commanding Officer, 555 F.2d 234, 235 (9th Cir. 1977).

Plaintiffs have moved to strike defendant's response because it was untimely. The motion was noted for February 27, so defendant's response was due on February 22. Instead, defendant filed its response on the afternoon of February 26. Defendant did not seek or obtain an extension. Ordinarily, the Court denies requests to strike because it prefers to consider matters with the benefit of a complete record. In this case, however, defendant filed its response four calendar days late, which was substantial given that motions to amend are noted for just seven judicial days after filing. Plaintiffs state that they were prejudiced by the late filing because defendant filed a lengthy response and two declarations, plaintiffs were left with only one day to respond, and they had insufficient time to participate fully in the response. Declaration of Kimberly Young, (Dkt. #19) ("Young Decl.") at ¶ 2. In light of these facts and because defendant has not shown good cause – or any cause – for its delay, its response is stricken.

ORDER REGARDING
MOTION TO AMEND - 2

Even if the Court considered defendant's response, it would still grant the motion to amend. Defendant contends that the motion should be denied as futile because (1) plaintiffs have failed to exhaust their administrative remedies under the group plan, and (2) plaintiffs' only claim under the group plan is time barred as it related to services received in November 2001, before the six-year statute of limitations period. Both contentions, however, require the Court to consider facts and documents beyond the pleadings. Plaintiffs argue that pursuing administrative remedies would have been futile or would have resulted in an inadequate remedy.[1] Contrary to defendant's assertion, plaintiffs' allegation of futility is more than a "bare assertion." Plaintiffs note that Ms. Young pursued administrative remedies for a claim under her individual plan, received a favorable decision at the final level of review, but never received reimbursement from Regence. Young Decl. at ¶ 5. Regence argues that those facts are irrelevant because the two plans have different administrative review processes. However, plaintiff alleges that regardless of the type of plan or the outcome of the review process, Regence has the ultimate responsibility to pay but refuses to do so. That fact, if true, would render the review process futile. Moreover, to resolve the issue, the Court will have to evaluate Ms. Young's experience under the individual plan and the evidence regarding the substance and procedures of both plans.

Consideration of the statute of limitations issue also involves consideration of facts

---

[1] An exception to the exhaustion requirement exists when exhaustion would be futile or where it would afford an inadequate remedy. See, e.g., Amato v. Bernard, 618 F.2d 559, 568 (9th Cir. 1980); see also Diaz v. United Agric. Employee Welfare Benefit Plan & Trust, 50 F.3d 1478, 1485 (9th Cir. 1995) (explaining that the exception "is designed to avoid the need to pursue an administrative review that is demonstrably doomed to fail"); Dishman v. UNUM Life Ins. Co. of Am., 269 F.3d 974, 984-85 (9th Cir. 2001).

ORDER REGARDING
MOTION TO AMEND - 3

1  and documents beyond the pleadings.  Plaintiff states in her declaration that she did not
2  know that she was charged a higher rate for the November 2001 dental services until she
3  received an explanation of benefits ("EOB") form in December 2001, within the
4  limitations period.  See, e.g, Northern Cal. Retail Clerks Unions v. Jumbo Markets, Inc.,
5  906 F.2d 1371, 1372 (9th Cir. 1990) (holding that an ERISA cause of action accrues
6  "when the plaintiff knows or has reason to know of the injury that is the basis of the
7  action").  The dentist's office did not give her a bill or any other document indicating the
8  amount charged on the day of service.  Young Decl. at ¶ 3.  Therefore, resolution of the
9  statute of limitations issue will require the Court to consider, at a minimum, plaintiff's
10 declaration and the relevant forms.  For these reasons, the proposed amendments could
11 withstand a motion to dismiss and they are not futile.

12      Finally, plaintiffs concede that their proposed claims for violation of the
13 Washington Insurance Code would be preempted by ERISA and therefore subject to
14 dismissal.  Therefore, plaintiffs will not be permitted to amend their complaint to add
15 those futile claims.

16      Accordingly, plaintiffs' motion to amend their complaint (Dkt. #12) is GRANTED
17 IN PART AND DENIED IN PART as set forth above.  Consistent with this order,
18 plaintiffs may file an amended complaint in the docket within ten days of the date of this
19 order.

20

21      DATED this 19th day of March, 2008.

22

23                                             *signature*
                                               Robert S. Lasnik
24                                             United States District Judge

25

26 ORDER REGARDING
   MOTION TO AMEND - 4