UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY YOUNG, *et al.*,

   Plaintiffs,

   v.

REGENCE BLUESHIELD, *et al.*,

   Defendants.

Case No. C07-2008RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on plaintiffs' motion for reconsideration of the Court's September 2, 2008 order regarding the parties' cross motions for summary judgment (Dkt. #55, the "Order"). Plaintiffs argue that the Court erred in finding that plaintiffs lacked standing to pursue their state law claims because Regence tendered payment before they filed suit. Plaintiffs have submitted additional evidence in support of their motion that they contend was not available previously.

"Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

1  The Order found as follows:

2  Plaintiffs cannot show that they suffered an injury before they filed suit.
   Regence's business records show that it issued a check and mailed it to Dr.
3  Greenfield on June 29, 2007. Declaration of Vijaya Rao (Dkt. #34) ("Rao Decl.")
   at ¶ 9, Ex. 6 at p. 3843 (file notation on June 29, 2007 indicating "Check rec'd &
4  sent to prov.") [footnote omitted]. The replacement check was never cashed, so
   Regence issued another check in April 2008. These facts show that Regence
5  remitted payment to Dr. Greenfield months before plaintiffs filed this lawsuit.
   Although Dr. Greenfield did not cash the check in 2007, Regence should not be
6  liable for the actions of third parties beyond its control. Plaintiffs argue that there
   is no evidence that the doctor actually received the check in 2007, but Regence is
7  not required to prove that the check was actually received. Instead, Regence is
   entitled to a presumption that it was received based on the mailbox rule. See, e.g.,
8  Payan v. Aramark Mgmt. Services Ltd. P'ship, 495 F.3d 1119, 1123 n.4 (9th Cir.
   2007) (explaining that the mailbox rule is "a long-established principle which
9  presumes that, upon a showing of predicate facts that a communication was sent,
   the communication reached its destination in regular time"). Moreover, plaintiffs
10 have presented no evidence to show that the check was not sent or received.
   Accordingly, the fact that the check was sent and the presumption created by the
11 mailbox rule are sufficient to show that Regence remitted payment before
   plaintiffs filed suit, which deprives plaintiffs of standing.

12 Order at pp. 6-7.

13      Plaintiffs have filed documents from Dr. Greenfield's office that were obtained by

14 Regence by subpoena and forwarded to plaintiffs. The documents were equally available

15 to plaintiffs. The fact that Regence obtained and forwarded copies to plaintiffs after the

16 close of the summary judgment briefing does not make the documents "new." Rather,

17 because they reflected changes to plaintiffs' account in *April 2008*, they could have been

18 obtained earlier with reasonable diligence. Moreover, at the time they briefed the

19 summary judgment motions, plaintiffs already had in their possession other billing

20 records from Dr. Greenfield's office. Those records indicated that the doctor's office had

21 not yet applied the June 2007 check to the Youngs' account but had applied Regence's

22 February 2008 check to the account. The only difference in the updated records was that

23 they reflected application of Regence's April 2008 payment to the Youngs' account.

24 Because the updated records were available previously, they cannot support

25

26 ORDER DENYING MOTION
   FOR RECONSIDERATION - 2

reconsideration of the Order.

Plaintiffs argue that the Court erred in relying on the mailbox rule because neither party argued that the rule applied. Courts do not err in applying applicable law, even if the parties fail to address it themselves. Nor does the failure to address applicable law make that authority "new" for purposes of a motion for reconsideration.

Plaintiffs also contend that they have rebutted the presumption of receipt created by the mailbox rule. Plaintiffs rely heavily on *Nunley v. City of Los Angeles*, 52 F.3d 792, 796 (9th Cir. 1995), which stated, "When a movant specifically denies receipt . . ., a district judge must then weigh the evidence and make a considered factual determination concerning receipt, rather than denying [a] motion out of hand based upon proof of mailing." In this case, unlike *Nunley*, there was no denial of receipt from the recipient. Dr. Greenfield's office has not submitted any declaration or other evidence denying receipt of payment. The fact that Dr. Greenfield's office did not apply the June 2007 check to plaintiff's account is not a specific denial of receipt. Even a statement that evidence of payment was not currently in their files would not be sufficient to rebut the presumption. See, e.g., Schikore v. Bank of Am. Supplemental Ret. Plan, 269 F.3d 956, 964 n.7 (9th Cir. 2001) (explaining that defendant's "simple statement that Schikore's form is not presently contained in its files is insufficient to constitute a 'specific factual denial of receipt'"). Although plaintiffs deny receipt, they were not the intended recipients and have no personal knowledge of receipt.

Rather than providing a properly-supported denial of receipt, plaintiffs attempt to rebut the presumption in other ways. Plaintiffs contend that "Regence's own evidence establishes a reasonable inference that Regence *never* mailed payment prior to suit." Motion for Reconsideration at p. 2 (emphasis in original). In fact, the evidence cited in

the Order was unrebutted and sufficient to establish that Regence mailed payment. Plaintiffs attempt to create an inference that the payment was not sent by contrasting the process Regence used to make the pre-litigation June 2007 payment with two post-litigation payments. That evidence, however, was previously available. Even if it were considered, it is not surprising that payments made during litigation might be more carefully documented than an ordinary, pre-litigation payment from an insurance company to a health care provider. Although plaintiffs contend that the process Regence followed to remit the post-litigation payments was its usual process, they have provided no evidence to support that contention.

Similarly, even if the Court were to consider the "new" records from Dr. Greenfield's office, the result would not change. Plaintiffs argue that the records establish "the custom and practice of Dr. Greenfield's accounting office for the Youngs' account (and likely others) to *immediately* and *correctly* apply payments *as directed* as soon as they are received. . . . Accordingly, the *absence* of a payment entry compels the conclusion that no payment was received."[1] Motion for Reconsideration at p. 10. However, Dr. Greenfield's processing of two checks is not sufficient to show a custom and practice, particularly when it is unaccompanied by any explanation of the records or of the process used by someone with personal knowledge. As in Schikore, plaintiffs are attempting to establish non-receipt by the absence of documents in a business's file. Rebutting the presumption under those circumstances requires the production of "probative evidence of non-receipt." Schikore, 269 F.3d at 964. The *Schikore* court

---

[1] In fact, the records from Dr. Greenfield's office show that on at least one occasion, the office failed to apply a payment received to plaintiffs' account. Declaration of Cindy Flynn (Dkt. #66), Ex. 1 at SEA00008.

ORDER DENYING MOTION
FOR RECONSIDERATION - 4

explained what kind of evidence could meet that standard:

> At the very least, this requires a plan to describe in detail its procedures for receiving, sorting, and distributing mail, to show that these procedures were properly followed at the time when the document in question might conceivably have been delivered by the postal service, to provide evidence that it has conducted a thorough search for the document at the addressee's physical facility, and to establish that had the document been received around the time the claimant asserted it was mailed, it would presently be at the location searched by the Plan Administrator.

Schikore, 269 F.3d at 964; see also Nunley, 52 F.3d at 798 (explaining that plaintiff introduced evidence tending to indicate non-receipt, "namely the office practice of opening mail"). Plaintiffs have not provided any such evidence in this case.[2] Accordingly, they have failed to rebut the presumption created by the mailbox rule.

Plaintiffs raise two additional issues. First, they argue that they have standing because they lost the use of their money from the time they remitted payment to the time that Regence did so. The Order considered and rejected that argument. Second, plaintiffs allege that Regence's continued failure to comply with the IRO determination mandates reconsideration. Plaintiffs argue that the IRO decision required Regence to issue three revised EOB's "or, at a minimum, a communication to the member explaining the outcome of the reprocessing." Motion for Reconsideration at p. 11. Plaintiffs cite no support for that alleged requirement, and there is none in the law or in the record. For that reason, the Order properly rejected that argument.

---

[2] Plaintiffs' motion for reconsideration notes that at some point, Ms. Young contacted Dr. Greenfield's office and was informed by an unnamed person that they had not received the payment. Motion for Reconsideration at p. 6. The motion cites no evidence in support of that statement. Regardless, it is hearsay.

ORDER DENYING MOTION
FOR RECONSIDERATION - 5

For all of the foregoing reasons, plaintiffs' motion for reconsideration (Dkt. #59) is DENIED.

DATED this 14th day of October, 2008.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR RECONSIDERATION - 6