UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY YOUNG, *et al.*,

Plaintiffs,

v.

REGENCE BLUESHIELD, *et al.*,

Defendants.

Case No. C07-2008RSL

ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO JOIN REQUIRED PARTIES

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant Regence BlueShield ("Regence") for failure to join required parties. Plaintiffs contend that Regence advertises that participants will pay lower rates for all services from preferred providers. In practice, however, preferred providers are required to accept payment from plan participants at the lower rate only during the deductible period and for services Regence reimburses. Once a subscriber exceeds his or her maximum benefit allotment, preferred providers are not required to accept the lower preferred provider rates from subscribers.

ORDER GRANTING
MOTION TO DISMISS - 1

1        In March 2009, the Court certified the following class pursuant to Federal Rule of Civil Procedure 23(b)(2) for injunctive and declaratory relief only:

> All subscribers, as of November 13, 2007, to any Regence BlueShield individual plan containing a preferred provider benefit who have been denied the negotiated preferred provider rate once a benefit maximum under the contract was reached, with the denial of such benefit occurring between the period of November 13, 2001, to the present.

Regence moves to dismiss this case on the grounds that the providers are required parties under Federal Rule of Civil Procedure 19. Regence contends that because it has preferred provider agreements with more than 22,000 providers, joinder is not feasible and dismissal is warranted. For the reasons set forth below, the Court grants Regence's motion.

## II. DISCUSSION

The facts underlying this motion have been set forth in prior orders and will not be repeated. Federal Rule of Civil Procedure 19 sets forth the rule for required joinder of parties:

**(a) Persons Required to Be Joined if Feasible.**
    **(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
        (A) in that person's absence, the court cannot accord complete relief among existing parties; or
        (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
            (i) as a practical matter impair or impede the person's ability to protect the interest; or
            (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

**(b) When Joinder Is Not Feasible.** If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

ORDER GRANTING
MOTION TO DISMISS - 2

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
(2) the extent to which any prejudice could be lessened or avoided by:
 (A) protective provisions in the judgment;
 (B) shaping the relief; or
 (C) other measures;
(3) whether a judgment rendered in the person's absence would be adequate; and
(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Pursuant to the Rule, the Court must determine whether the providers are "required parties." If so, the Court must then determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." As the moving party, Regence has the burden of persuasion. See, e.g., Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

**A. The Providers Are Required Parties.**

Plaintiffs are seeking to affect the amount the providers can charge subscribers for health care services. The providers clearly have an interest in that issue, and their contracts with Regence directly address it. Therefore, the providers have a Rule 19 interest in this lawsuit. See, e.g., Lomayaktewa v. Hathaway, 520 F.2d 1324, 1325 (9th Cir. 1975) (explaining that "no procedural principle is more deeply imbedded in the common law than that, in an action to set aside a lease or a contract, all parties who may be affected by the determination of the action are indispensable"). Plaintiffs contend that the providers' contract already requires them to charge the lower rate all the time, so this lawsuit will not affect their rights. However, plaintiffs have not shown that their interpretation of the contract is undisputed. At least the providers who treated plaintiffs and their dependants seem to believe that their contracts entitle them to charge their regular rates once benefits have been exhausted. Indeed, plaintiffs devote a substantial

ORDER GRANTING
MOTION TO DISMISS - 3

portion of their memorandum to arguing about the meaning of the providers' contract. The mere fact that plaintiffs are requesting that the Court construe that contract language and decide the parties' obligations thereunder implicates the providers' rights. Therefore, the relief plaintiffs seek would affect their rights. Nor are the providers' interests solely financial as plaintiffs allege. Rather, it is an interest in their businesses and contract relationships, which is cognizable under Rule 19. Id.; see also Dawavendewa v. Salt River Project Agric. Improvement & Power Dist., 276 F.3d 1150 (9th Cir. 2002).

Plaintiffs contend that the providers have no protectable interest in their contracts because the rate the providers may charge is subject to change (1) at Regence's direction, with sixty days' notice, or (2) based on "[a]mendments required because of legislative, regulatory or legal requirements [which] do not require the consent of the Practitioner and will be effective immediately upon notice to the Practitioner of the effective date thereof." Provider Agreement (Dkt. #57-2) at ¶ 8.6. In either case, the providers are not required to change their rates; rather, they can terminate their agreements. Regardless, the fact that other contingencies could affect the rates in the future does not undermine the fact that the providers have current contractual interests, and those interests will be affected by the Court's determination. See, e.g., American Greyhound Racing, Inc. v. Hull, 305 F.3d 1015, 1023 (9th Cir. 2002) (finding that plaintiff had a protectable contract interest even though the contract at issue was subject to a right to renewal that was purely voluntary; explaining that the interest at stake need not be "property in the sense of the due process clause").

Moreover, the providers' interests would be impaired by adjudication in their absence. Because of the nature of plaintiffs' claims, the Court must determine whether Regence's contract with its subscribers requires Regence to require its providers to charge

ORDER GRANTING
MOTION TO DISMISS - 4

subscribers the lower negotiated rate for all services. That issue necessarily impacts the providers. Furthermore, if plaintiffs are successful, the providers could be faced with either charging the lower rate all the time or terminating their provider agreement without an opportunity to be heard on the issue. As a practical matter, the providers would be unable to negotiate a two-tiered rate system because Regence would be precluded from accepting such a provision. American Greyhound, 305 F.3d at 1024 (explaining that even if the plaintiffs were not bound by a ruling involving other parties, Rule 19 was implicated because the ruling impaired their power to negotiate their contracts). Therefore, the Court's adjudication of plaintiffs' claim could impair or impede the providers' interest in their contracts. Accordingly, the providers are required parties.

**B.     This Case Should Not Proceed Without the Providers.**

Having found that the providers are required parties, the Court must determine whether to dismiss the action or permit it to proceed without the providers. Plaintiffs concede that the providers cannot be joined. The first factor of prejudice "largely duplicates the consideration that made a party necessary under Rule 19(a)." American Greyhound, 305 F.3d at 1024-25. Based on the same factors set forth above, the Court finds that the providers would suffer prejudice if this case continued in their absence.[1] Plaintiffs argue that the prejudice is lessened because the providers have notice that their agreements are subject to change. However, the contracts do not include any specific duration; rather, they continue subject to termination by the parties or other

---

[1] Defendant filed the declaration and report of Dr. Thomas Wickizer opining that if plaintiffs are successful, physicians could ultimately raise their rates and increase patient volumes. Declaration of Thomas Wickizer, Ph.D., (Dkt. #89). Dr. Wickizer's opinion is of marginal relevance to this motion because Rule 19 focuses on the effects on the parties and required parties, but not on society.

ORDER GRANTING
MOTION TO DISMISS - 5

circumstances. The continuing nature of the contracts makes this case similar to *American Greyhound Racing, Inc.* In that case, the Ninth Circuit found that tribes were necessary parties to a lawsuit that could result in the termination of the tribes' contracts that otherwise would renew automatically. American Greyhound, 305 F.3d at 1025. Similarly, in this case, the providers' contracts continue indefinitely, the providers and Regence have had the same course of dealing since the inception of the plans, and none of the parties has indicated an intention to terminate those agreements. In contrast, if plaintiffs are successful, the providers will be forced to either accept payment at the lower rates or terminate their agreements. Although the providers could attempt to renegotiate their contracts, the new contracts could not permit them to charge rates that conflicted with a holding of the Court. The imposition of what is arguably a new contract term and the providers' limited options would make their contracts less valuable, and they would suffer prejudice.

The providers could suffer additional prejudice as a practical matter. If the Court were to find that charging a higher rate violated the subscribers' agreements, then subscribers could refuse to pay the higher rate for services already incurred and for future services. Although providers would not be bound by the Court's ruling, their collections efforts could be significantly undermined. See, e.g., American Greyhound, 305 F.3d at 1024 (considering the practical effects in a Rule 19 analysis). Accordingly, the providers would suffer substantial prejudice if the Court were to adjudicate this case in their absence.

Plaintiffs argue that the Court could shape the relief in such a way as to minimize or eliminate the prejudice to the providers. Plaintiffs contend that the Court could order Regence to rewrite its subscriber agreement to specifically include the term that plaintiffs

ORDER GRANTING
MOTION TO DISMISS - 6

1 allege is currently missing: that insureds will be billed at the providers' regular rates after
2 the deductible has been paid and Regence is no longer paying for services under the
3 contract. However, as Regence notes, the prejudice remains unless the Court were to
4 commit to that particular remedy, but it would be premature for the Court to do so at this
5 point in the litigation.

The Court considers the fact that, as a practical matter, plaintiffs are ultimately seeking to force the providers to accept the lower rates for all services. Reply on Motion for Class Certification at p. 2 (Plaintiffs stated, "Regence would not pay anything out of pocket by virtue of processing the claims to the negotiated rates in accordance with the contracts at issue, although it would oblige the Preferred Provider to continue to accept the negotiated rates."). However, as plaintiffs concede, any judgment in this case would not be binding on the providers. Therefore, because the Court cannot compel the providers to accept the lower rate, complete relief cannot be obtained without the providers.

Finally, Regence contends that an adequate remedy exists if this Court were to dismiss the case: plaintiffs could pursue their claims administratively through an independent review organization (IRO). RCW48.43.535(2) ("An enrollee may seek review by a certified independent review organization of a carrier's decision to deny, modify, reduce, or terminate coverage of or payment for a health care service"). Plaintiffs contend that any relief they may obtain through the IRO process is illusory, but in fact, when the IRO panel found in plaintiffs' favor, Regence paid the difference owed to the provider. Although Regence did not change its policy, plaintiffs have not shown that they sought that broader relief or that it was unavailable. Accordingly, there is an adequate alternate remedy. Cf. Kescoli v. Babbitt, 101 F.3d 1304, 1311 (9th Cir. 1996) ("If no

ORDER GRANTING
MOTION TO DISMISS - 7

alternate forum exists, the district court should be extra cautious before dismissing an action") (internal citation and quotation omitted).

After balancing all of the factors, including the potential for significant prejudice to the providers, the Court concludes that dismissal is warranted. This case cannot proceed in the providers' absence.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss for failure to join required parties (Dkt. #87) and dismisses this case without prejudice.

DATED this 4th day of June, 2009.

*[signature]*
Robert S. Lasnik
United States District Judge