UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIMBERLY YOUNG, *et al.*,

Plaintiffs,

v.

REGENCE BLUESHIELD, *et al.*,

Defendants.

Case No. C07-2008RSL

ORDER DENYING MOTION
FOR RECONSIDERATION

This matter comes before the Court on plaintiffs' motion for reconsideration of the Court's June 4, 2009 order granting defendant's motion to dismiss for failure to join required parties (Dkt. #101, the "Order").[1] Plaintiffs argue that the Court erred in finding that the medical care professionals who provide services to defendant's subscribers (the "providers") are required parties who could not feasibly be joined, and that this case should be dismissed rather than proceeding in their absence.

"Motions for reconsideration are disfavored. The Court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of

---

[1] Consideration of the motion for reconsideration has been delayed while defendant filed a Court-requested response, plaintiff moved to file a reply, then defendant moved to file a sur-reply.

ORDER DENYING MOTION
FOR RECONSIDERATION - 1

new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rule 7(h).

In arguing for reconsideration, plaintiffs reiterate many of the arguments from their memorandum opposing the prior motion to dismiss. The Court will not readdress those arguments but will focus on the new issues raised. First, plaintiffs argue that the Court erred in finding that complete relief could not be awarded among the existing parties. The Order explained,

> The Court considers the fact that, as a practical matter, plaintiffs are ultimately seeking to force the providers to accept the lower rates for all services. Reply on Motion for Class Certification at p. 2 (Plaintiffs stated, "Regence would not pay anything out of pocket by virtue of processing the claims to the negotiated rates in accordance with the contracts at issue, although it would oblige the Preferred Provider to continue to accept the negotiated rates."). However, as plaintiffs concede, any judgment in this case would not be binding on the providers. Therefore, because the Court cannot compel the providers to accept the lower rate, complete relief cannot be obtained without the providers.

Order at p. 7. As an initial matter, that finding relates Rule 19(a)(1)(A), and a party must satisfy the requirements of subsection (A) *or* (B). Because the Order found that both subsections were met, the finding under subsection (A) is superfluous. Regardless, plaintiffs have not shown that the Court erred. Instead, they raise new theories of relief, as set forth more fully below, but newly-minted theories do not justify reconsideration.

Second, plaintiffs contend that the requirements of subsection (B) were not met because the providers never affirmatively claimed an interest in the subject matter. However, plaintiffs have not shown that the providers received notice of this action that should have caused them to assert an interest. Plaintiffs rely solely on the fact that they subpoenaed records from two of plaintiffs' physicians. However, the fact that those physicians had notice of the existence of a lawsuit is not notice of the nature of the lawsuit. There is no evidence that the physicians had notice that this action was anything

more than a routine billing dispute between a patient and insurer. Plaintiffs also argue that the Court prematurely noted that they "are seeking to affect the amount the providers can charge subscribers for health services." Order at p. 3. Plaintiffs' filings, however, are replete with statements to that effect;[2] indeed, it is the focus of their claims. Plaintiffs also contend that the providers "have contractually ceded to Regence any interest in charging the Regence subscribers their non-contracted rates and any interest they retain would not be substantially impaired" by requiring them to accept the lower, preferred provider rate for all services. Motion for Reconsideration at p. 8. In support, plaintiffs rely on *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534 (9th Cir. 1981), a case that they cited in opposing the motion to dismiss. In *Eldredge*, the Ninth Circuit found that the potential employers of apprentices were not required parties in a discrimination lawsuit because the employers had contractually agreed to give the apprenticeship committee "full authority to . . . structure the apprenticeship program and to select the apprentices." Id. at 538 (concluding that the employers "have by contract ceded to JATC whatever legally protectible interest they may have in selecting apprentices to be trained."). In this case, the providers have not ceded to Regence their protectible interest in setting rates for their services. Rather, the preferred provider agreements permit the providers to set their rates for non-covered services. As to covered services, the agreements entitle the providers to notice and an opportunity to reject any changes in payment methodology and levels. The provider can accept the proposed changes, seek to negotiate with Regence, or terminate the agreement.

---

[2] Order at p. 7 (citing Reply on Motion for Class Certification at p. 2) (Plaintiffs stated, "Regence would not pay anything out of pocket by virtue of processing the claims to the negotiated rates in accordance with the contracts at issue, although it would oblige the Preferred Provider to continue to accept the negotiated rates.").

ORDER DENYING MOTION
FOR RECONSIDERATION - 3

The employers in *Eldredge* lacked similar rights, which distinguishes this case. As the Order explained, a Court ruling like plaintiffs seek in this case would impair the providers' ability to negotiate their contracts, which makes this case more like *American Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015 (9th Cir. 2002), a case that was dismissed under Rule 19.[3] Furthermore, even if the providers had received notice of the lawsuit, recent cases have not required an "affirmative" claim of interest under similar circumstances. See, e.g., American Greyhound, 305 F.3d 1015; Takeda v. N.W. Nat'l Life Ins. Co., 765 F.2d 815 (9th Cir. 1985).

Third, plaintiffs contend that the providers can be joined as parties. However, Regence expressly argued in its motion to dismiss that the providers could not feasibly be joined, which is a key issue under Rule 19, and plaintiffs did not respond to that argument. As a result, the Order noted that plaintiffs conceded that the providers could not be joined. Plaintiffs cannot now undo that concession on reconsideration by calling it a mere "oversight." Reply at p. 6 n.2.

Fourth, plaintiffs contend that the case can proceed without the providers because any harm to them is speculative and can be avoided. To support that argument, plaintiffs offer new theories not presented in opposition to the motion to dismiss. For example, they argue that the Court could require Regence to indemnify all of its subscribers for payment-related claims with preferred providers, or indemnify all preferred providers for the difference between their rate and what subscribers remit. The Court will not consider new theories presented for the first time on a motion for reconsideration. Even if it did,

---

[3] In *American Greyhound*, the court found that plaintiff had a protectible contract interest even though the contract at issue was subject to a right of renewal that was purely voluntary; the interest at stake need not be "property in the sense of the due process clause." American Greyhound, 305 F. 3d at 1023.

ORDER DENYING MOTION
FOR RECONSIDERATION - 4

plaintiffs lack standing to seek such injunctive relief on behalf of group plan subscribers because they were not members of a group preferred plan when they filed their complaint. Furthermore, the injunctive relief sought appears unworkable because it is not feasible for Regence to determine how much each provider billed and how much each subscriber actually paid on every claim for thousands of claims by thousands of subscribers. Nor would the prejudice to providers be lessened if the Court were to order that Regence indemnify them. Requiring providers to seek reimbursement from subscribers and from Regence would subject the providers to significant burden, expense, and uncertainty of complete reimbursement. Although plaintiffs argue that the feasibility of their proposals is irrelevant at this point, Rule 19 involves a practical inquiry;[4] the Court will not find that joinder is feasible if plaintiffs lack standing or if the relief sought is not practicable.

Plaintiffs also present a new damages theory: if the case were to be reopened, they would seek to have the dismissal of their ERISA claim vacated so that they could move to amend their complaint, move to reopen discovery, move to admit the opinion of a previously undisclosed expert, and move to certify additional classes under ERISA to seek restitution of premiums paid. Even if it had been timely raised, the new theory is too speculative to justify reconsideration. Moreover, plaintiffs have not shown that restitution is available under ERISA.

Finally, plaintiffs argue that the Court's order has left them without a remedy. They contend that their ERISA claim based on the group plan may now be barred by the six-year statute of limitations, and they cannot obtain adequate relief from the independent review ("IRO") process. Plaintiffs did not previously raise either argument,

---

[4] See, e.g., Eldredge, 662 F.2d at 537 (citing Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 116 n.12 (1968)).

ORDER DENYING MOTION
FOR RECONSIDERATION - 5

and they are now untimely. Even if the Court were to consider them, the arguments do not justify reconsideration. Plaintiffs can, and to some extent have, obtained the damages they seek from the IRO process. To the extent that they seek injunctive relief, a change to Regence's plan, they are not precluded from seeking that change. A change in the plan language would affect all subscribers regardless of whether a case is pursued on behalf of a class.

For all of the foregoing reasons, plaintiffs' motion for reconsideration (Dkt. #103) is DENIED.

DATED this 20th day of October, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge